IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DOUGLAS E. HUMPHREY, SR., :
:
    Petitioner :
:
  v. : CIVIL NO. 3:CV-10-1230
:
COMMONWEALTH OF PENNSYLVANIA, : (Judge Conaboy)
:
    Respondent :

FILED
SCRANTON
JUL 20 2010
PER ____ CT
DEPUTY CLERK

**MEMORANDUM**
**Background**

    Douglas E. Humphrey, an inmate presently confined at the Fayette State Correctional Institution, LaBelle, Pennsylvania (SCI-Fayette), initiated this pro se petition to "vacate void judgment." Doc. 1, p. 1. Named as Respondent is the Commonwealth of Pennsylvania.[1]

    On September 17, 1993, Humphrey was convicted of: attempted murder; attempted kidnaping; unlawful restraint; simple assault (4 counts); and reckless endangerment (3 counts), following a jury trial in the Court of Common Pleas of Bradford County,

---

    [1] The only properly named respondent in a federal habeas corpus action is the applicant's custodial official. See 28 U.S.C. § 2242. The SCI-Fayette Superintendent is Petitioner's custodial official for purposes of § 2242.

1

Pennsylvania.[2] He was subsequently sentenced on June 27, 1994 to an aggregate twenty-three (23) to forty-six (46) year term of incarceration.

Following a direct appeal to the Pennsylvania Superior Court, his conviction and sentence were affirmed. See Commonwealth v. Humphrey, 678 A.2d 828 (Pa. Super. 1996)(Table). Petitioner thereafter collaterally challenged his conviction by filing a petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[3] The trial court denied the PCRA petition on April 19, 2001. The Superior Court denied Petitioner's appeal on March 14, 2003.

Petitioner then filed a pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 with this Court. See Humphrey v.Palakovich, Civil No. 3:03-2258. His petition raised sixty-two (62) claims of entitlement to federal habeas corpus relief including twenty-nine (29) allegations of ineffective assistance

---

[2] Petitioner indicates that he was convicted of three (3) counts of simple assault and two (2) counts of aggravated assault.

[3] One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

of counsel;[4] thirteen (13) assertions of trial court error; ten (10) claims of prosecutorial misconduct; and eight (8) allegations of police misconduct. By Memorandum and Order dated September 20, 2006, Petitioner's habeas corpus action was denied on the merits. Thereafter, on June 20, 2007, the United States Court of Appeals for the Third Circuit denied Humphrey's request for a certificate of appealability.

In his pending thirty (30) page action, Humphrey again challenges his Bradford County conviction. He asserts that his state criminal conviction should be overturned "for want of in personam and subject matter jurisdiction due to lack of proper service, properly naming/submitting proper parties, application of invalid laws, lack of standing to bring action, among others." Doc. 1 at 1.

**Discussion**

A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas corpus review is available only "where the deprivation of rights is such that it

---

[4] Although Humphrey states that there are thirty-one (31) claims, this Court's review indicates the presence of only twenty-nine (29) claims.

3

necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

Based upon the nature of his claims, Petitioner is clearly challenging the legality of his Bradford County criminal conviction. As relief, Humphrey requests that his state criminal conviction be vacated and that he be immediately released from custody. See Doc. 1, 11-12. Accordingly, Petitioner's action will be construed as seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[5]

**Standard of Review**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

---

[5] Petitioner has submitted filings to the Court wherein he contends that his action should not be construed as seeking habeas corpus relief under § 2254. See Docs. 5 & 6. This Court has reviewed and considered those arguments and finds that they lack merit.

4

petition and direct the clerk to notify the petitioner.

A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134,141 (6th Cir. 1970).

**Second/Successive Petitions**

28 U.S.C. § 2244(a) and Rule 9(b)[6] of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), set forth the pertinent authority for determination as to whether second or successive § 2254 habeas corpus petitions may be reviewed by federal district courts.

Prior to the 1996 amendments, § 2244 authorized dismissal of a successive habeas petition "that presented no new ground not heretofore presented and determined." McCleskey vs. Zant, 499 U.S. 467, 483 (1991). § 2244 provided:

(a) No circuit or district judge shall be required to

---

[6] Rule 9(b) of the Habeas Corpus Rules provides:
A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits, or, if new and different grounds are alleged, the judge finds that the failure of petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

5

entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus and the petition presents no new ground not heretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

The Supreme Court in <u>McCleskey</u> expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

> Our most recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.

<u>McCleskey</u>, 499 U.S. at 489.

Following the 1996 amendments, Section 2244(b)(2) now provides:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or
>
> 2. (i) the factual predicate for the claim could not have been discovered previously through the existence of due diligence; and

6

>                    (ii) the facts underlying the claim, if
>                    proven and viewed in the light as a whole,
>                    would be sufficient to establish by clear
>                    and convincing evidence that, but for
>                    constitutional error, no reasonable fact
>                    finder would have found the applicant guilty
>                    of the underlying offense.
>
> 3.    (A)          Before a second or successive
>                    application permitted by this section
>                    is filed in the district court. The
>                    applicant shall move in the appropriate
>                    court of appeals for an order
>                    authorizing the district court to
>                    consider the application.

Humphrey clearly filed a prior § 2254 action with this Court regarding the same Bradford County conviction which is the subject of his pending action. As previously noted, all of the claims raised in Humphrey's prior § 2254 action were addressed and denied on their merits. Although his pending matter includes arguments which were not previously presented, Petitioner has not presented any substantive arguments as to why he failed to include those assertions in his prior federal habeas petition.

There is also no indication that Petitioner has been granted leave to file a second or successive habeas corpus petition by the United States Court of Appeals for the Third Circuit. Consequently, under the requirements set forth in § 2244(b), the instant petition cannot be entertained by this Court. See generally, Burgos v. Superior Court of Pa., 355 Fed.

7

Appx. 585, 587 (3d Cir. 2009). An appropriate Order will enter.

_____
RICHARD P. CONABOY
United States District Judge

DATED: JULY 19th, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DOUGLAS E. HUMPHREY, SR., :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-10-1230
:
COMMONWEALTH OF PENNSYLVANIA, : (Judge Conaboy)
:
    Respondent :

**ORDER**

AND NOW, THEREFORE, THIS 19th DAY OF JULY, 2010, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. The petition for writ of habeas corpus is dismissed as a second or successive petition under 28 U.S.C. § 2244(b).

2. The Clerk of Court is directed to close the case.

3. Based on the Court's conclusion herein, there is no basis for the issuance of a certificate of appealability.

RICHARD P. CONABOY
United States District Judge